UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeVincent A. McFarlin, *et al.*,

                  Plaintiffs,      Case No. 26-cv-10011

v.                                  Judith E. Levy
                                  United States District Judge

City of Wayne, *et al.*,

                                  Mag. Judge David R. Grand

                  Defendants.

_____/

**ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE A CORRECTED RESPONSE TO
DEFENDANTS' MOTION TO DISMISS [14]**

**AND**

**CONDITIONAL ORDER STRIKING PLAINTIFFS'
<u>MOTION FOR A PRELIMINARY INJUNCTION [2]</u>**

Before the Court is Plaintiffs DeVincent A. McFarlin and Luisa

Maria Baez Burgos' motion for leave to file a corrected response to the

motion to dismiss filed by Defendants City of Wayne, Jeremie

Schneider, Cullen Mckee, and Shaun Pek. (ECF No. 14.) Plaintiffs are

self-represented. The Court struck Plaintiffs' initial response because it

was unsigned. (ECF No. 13; *see* Fed. R. Civ. P. 11(a).) In their motion,

Plaintiffs state that they "have corrected the deficiency by including proper electronic signatures ('/s/') in compliance with Rule 11(a). The corrected Response is attached to th[e] Motion." (ECF No. 14, PageID.90.) Plaintiffs ask "that the Court grant leave to file the attached corrected Response and deem it filed as of the date of th[e] Motion (or such other date as the Court deems appropriate)." (*Id.*)

Plaintiffs' motion is denied. Federal Rule of Civil Procedure 11(a) provides in relevant part that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). The Supreme Court has "read the requirement of a signature [under Rule 11(a)] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Under Federal Rule of Civil Procedure 5(d)(3)(C), "[a] filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature." Fed. R. Civ.

2

P. 5(d)(3)(C); *see* E.D. Mich. Electronic Filing Policies and Procedures R1 (defining "Filing User") and R10 (allowing "[a] paper filed electronically" to "include a signature block containing the name of the filing user represented by 's/', '/s/' or a scanned signature"). In this case, however, Plaintiffs do not have electronic-filing accounts. Plaintiffs do not identify a rule that allows them to sign their submissions electronically.

For the reasons set forth above, Plaintiffs must comply with Rule 11(a), which requires that each Plaintiff personally sign their filings with a handwritten signature. Accordingly, Plaintiffs' motion for leave to file a corrected response (ECF No. 14) is denied. *See Greene v. Rochester Villas Apartments, Inc.*, No. 25-13926, 2026 WL 30640, at *1 (E.D. Mich. Jan. 5, 2026) (finding that "the lack of signatures [in a proposed pleading not submitted by an attorney] does not comply with Rule 5 or Rule 11").

Moreover, the Court notes that Plaintiffs' motion for a preliminary injunction does not contain each Plaintiff's handwritten signature. (ECF No. 2.) This document will be automatically stricken from the record,

without the need for further action by the Court, unless Plaintiffs file a

signature page (attached) within thirty days of the date of this order.

 IT IS SO ORDERED.

Dated: March 6, 2026        s/Judith E. Levy
  Ann Arbor, Michigan      JUDITH E. LEVY
                United States District Judge

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2026.

         s/William Barkholz
         WILLIAM BARKHOLZ
         Case Manager

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DeVincent A. McFarlin, *et al.*,

                      Plaintiffs,        Case No. 26-cv-10011

v.                               Judith E. Levy
                                   United States District Judge

City of Wayne, *et al.*,

                               Mag. Judge David R. Grand

                    Defendants.

_____/

## SIGNATURE PAGE FOR

Plaintiffs DeVincent A. McFarlin and Luisa Maria Baez Burgos'
motion for a preliminary injunction (ECF No. 2)

Plaintiffs' motion is hereby signed pursuant to Federal Rule of

Civil Procedure 11(a).


_____    _____

DeVincent A. McFarlin                Luisa Maria Baez Burgos
37701 Glenwood Rd.                 37701 Glenwood Rd.
Wayne, MI 48184                      Wayne, MI 48184


THIS SIGNATURE PAGE MUST BE SIGNED AND RETURNED TO THE CLERK'S OFFICE, AS REQUIRED BY THE ATTACHED ORDER.